UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
IN ADMIRALTY

GREAT LAKES REINSURANCE
(UK) PLC,

     Plaintiff,

                                CASE NO. 07-CIV-61259-MARRA

vs.

                                Magistrate Judge Johnson

TLU LIMITED and
GARY KIRKLAND,

     Defendant.

_____/

**PLAINTIFF'S MEMORANDUM OF LAW IN
OPPOSITION TO DEFENDANT'S MOTION TO DISMISS
AND/OR STAY COMPLAINT FOR DECLARATORY JUDGMENT**

COMES NOW the Plaintiff, GREAT LAKES REINSURANCE (UK) PLC, by and through its undersigned attorneys, and pursuant to the Federal Rules of Civil Procedure files this Memorandum of Law in Opposition to the Defendant TLU LIMITED's Motion to Dismiss and/or Stay the Complaint for Declaratory Judgment, and further thereto would respectfully state as follows:

**FACTS**

1.    As recounted by the Defendant in the motion which is now pending before this Court, the instant action is one in which the Plaintiff is a marine insurer that has filed and served a Complaint seeking this Court's declaratory judgment. Plaintiff's action was filed under Rule 9(h) of the Federal Rules of Civil Procedure, as well as Title 28 of the United States Code, sec. 1333, and invokes

1

this Court's admiralty jurisdiction in order to resolve a dispute that has arisen with regard to a policy of marine insurance.

2.    As set forth in Plaintiff's Complaint for Declaratory Judgment, the Defendant sought a policy of marine insurance from the Plaintiff on a vessel valued at $550,000.00. In order to obtain that coverage, the Defendant via its marine insurance broker submitted an application form which set forth the material information upon which the Plaintiff's marine underwriter made the critical decisions with regard to whether to issue a Quote; the precise premium in exchange for which the coverage would be offered; the terms of the policy to be offered, etc.

3.    Attached hereto as Exhibit "A" in opposition to the Defendant's motion to dismiss and/or stay is a true and correct copy of the completed and signed application form. On the application form, the Defendant TLU LIMITED is represented to have as its correct address 1323 S.E. 17th Street, #532, Fort Lauderdale, Florida 33316. The application is signed by GARY KIRKLAND, the owner of TLU LIMITED.

3.    When the Plaintiff did ultimately issue its policy of marine insurance, based on the representations and disclosures made in the application, included in the policy was a provision pursuant to which TLU LIMITED expressly warranted that navigation of the insured vessel would be restricted to certain defined geographical

2

limits; another provision which expressly warranted that the insured vessel would not be subject to chartering or other commercial activity; and another provision pursuant to which any misrepresentation of or failure to disclose material facts would render the policy void.

4.    Plaintiff's policy of marine insurance also contains a Choice of Law provision which expressly calls for the application of established and entrenched principles of federal admiralty law to resolve any coverage dispute arising under the policy.

5.    After receiving notice of the claim which apparently occurred on or about December 20, 2006, according to which the insured vessel is alleged to have suffered a dismasting while east-bound in the southwest Atlantic Ocean just south of Great Inagua Island in the Bahamas, the Plaintiff appointed marine investigators who conducted a thorough investigation. As a result of the investigation conducted by the Plaintiff's appointed marine surveyors, it has been established that the Defendant was in breach of _**both**_ the policy's Navigational Limits Warranty and the Private Pleasure Warranty referred to, *supra*; It has also been established that the Defendant provided material information on the application form which was false, in breach of the federal admiralty law doctrine of *uberimmae fidei* or utmost good faith. Last, it has been established that the incident of December 20, 2006 was not

"accidental" as required under the terms of this and every other policy of marine insurance.

6.    In the wake of the said investigation, as stated above, Plaintiff's action was filed under Rule 9(h) of the Federal Rules of Civil Procedure, as well as Title 28 of the United States Code, sec. 1333, and invokes this Court's admiralty jurisdiction in order to resolve a dispute that has arisen with regard to this policy of marine insurance. Plaintiff's Complaint sets forth five (5) separate causes of action, each one of which will require that the Court have recourse to established, well entrenched principles of federal admiralty law in order to resolve the coverage dispute.

7.    The first cause of action set forth in Plaintiff's Complaint seeks a declaration that no coverage exists due to the lack of any event satisfying the definition of an "accidental physical loss."

8.    The second cause of action set forth in Plaintiff's Complaint seeks a declaration that no coverage exists due to breach of the policy's Navigational Limits Warranty, while the third cause of action seeks a declaration that no coverage exists due to breach of the policy's Private Pleasure Warranty.

9.    The fourth Cause of action set forth in Plaintiff's Complaint seeks a declaration that no coverage exists due to failure to disclose material facts concerning the prospective use

of the vessel for chartering and other commercial activities, while the fifth cause of action seeks a declaration that no coverage exists due to failure to disclose material facts concerning TLU's status as a BVI corporation and the fact that the insured vessel was registered in the Grenadines.

10.   Plaintiff's action was filed on September 6, 2007, and immediately thereafter the undersigned counsel for the Plaintiff prepared and mailed to ***both*** TLU LIMITED and Gary Kirkland requests for a waiver of personal service as provided for under Rule 4 of the Federal Rules of Civil Procedure.

11.   More critically, on September 11, 2007 the undersigned counsel for Plaintiff sent a letter to attorney James H. Perry, Esq. of the law firm of Perry & Neblett, P.A., counsel for these same Defendants, providing a copy of the pending Complaint for Declaratory Judgment and informing counsel of the fact that the Complaint and the Rule 4 waiver requests had been directed to ***both*** Kirkland and TLU LIMITED.

12.   Attached hereto as Exhibit "B" in opposition to the Defendant's motion is a true and correct copy of the undersigned's letter to James H. Perry, Esq. dated September 11, 2007.

13.   Then, just two (2) days later, on September 13, 2007 the undersigned counsel for Plaintiff sent a second letter to counsel for these same Defendants, providing a copy of this Court's Order

5

dated September 11, 2007 requiring that counsel for the parties meet and prepare a Joint Scheduling Report.

14. Attached hereto as Exhibit "C" in opposition to the Defendant's motion is a true and correct copy of the undersigned's letter to James H. Perry, Esq. dated September 13, 2007.

15. In addition, a letter apprising the Defendants of the denial of the claim was prepared by the Plaintiff's managing agent in the United Kingdom, sent out to the Defendant and its broker on September 14, 2007. A true and correct copy of the said denial letter dated September 14, 2007 is attached hereto as Exhibit "D" in opposition to the Defendant's motion.

16. The undersigned counsel for the Plaintiff also made numerous telephone calls to counsel for the Defendants in an effort to at least establish the initial contact and professional courtesy required in order to comply with this Court's September 11, 2007 Order. None of these numerous calls were ever accepted by Defendants' attorneys, and not a single telephone call was ever returned.

17. The Defendants' attorney did not file any action in any court, state or federal, until well **_after_** the Plaintiff had made the determination that it was going to deny this claim, and until well **_after_** the Plaintiff had filed the Complaint in the Southern District of Florida, and until well **_after_** the Plaintiff had mailed

6

out Rule 4 requests for waiver of personal service in the present declaratory judgment action. As noted, counsel for the Defendant was even provided with copies of the foregoing.

18.  Rather than respond to the Plaintiff's Rule 9(h) declaratory judgment action by the simple filing of an Answer, the Defendant instead hurried to the Florida Circuit Court for the 17th Judicial Circuit in Broward County and there filed a Complaint and Demand for Jury Trial. The initial pleading in the Florida state court was not filed until October 12, 2007, with service made upon GREAT LAKES RE only on October 25, 2007, by serving the state court summons and Complaint upon an attorney at the New York City law firm of Dewey & LeBoeuf as provided for under the express terms of the policy of marine insurance.

19.  That state court action has recently been removed to the Southern District of Florida, where it is now designated Case No. 07-CIV-61641-ZLOCH and where a motion to remand is presently pending.

20.  It having been made abundantly clear that neither TLU LIMITED nor GARY KIRKLAND were going to waive personal service, (notwithstanding the express terms of Rule 4 of the Federal Rules of Civil Procedure which imposes this obligation to cooperate in saving unnecessary costs associated with having to effect personal service) the undersigned counsel for Plaintiff was compelled to resort to the expensive necessity of actually having personal

service made on TLU LIMITED's registered agent for receipt of service of process. As the undersigned discovered, TLU's registered agent is located in the British Virgin Islands, an aspect of this case which is consistent with TLU's status as a corporation existing under the laws of the BVI, a fact that would have been material to the underwriting decision which was left undisclosed on the application form.

21.  Service of the Plaintiff's Rule 9(h) Complaint for Declaratory Judgment was made on TLU's registered agent on November 13, 2007.

22.  Having chosen to disdain Plaintiff's Rule 4 request for waiver of personal service, having instead decided to at least attempt to exploit an opportunity to avoid having to litigate in a forum which it manifestly fears, the Defendant TLU would now have this Court defer to a state court as the better forum for the resolution of a coverage dispute where principles of federal admiralty law must govern. It bears reemphasis that the Defendant filed in the Florida state court only ***after*** receiving the Plaintiff's federal court Complaint, and only as part of a maladroit effort which has at is goal the frustration of this Court's historic admiralty jurisdiction and of the intent behind Rule 4(d) of the Federal Rules of Civil Procedure.

## **ARGUMENT**

THIS COURT SHOULD RETAIN JURISDICTION OVER A
MARINE INSURANCE LITIGATION WHEN THE ADJUDICATION OF
COVERAGE INVOLVES FEDERAL ADMIRALTY LAW PRINCIPLES AND
WHERE THE COMPLAINT WAS FILED PRIOR TO A STATE COURT ACTION

Consideration of the applicable caselaw makes it clear just how critically important it is that this Court recognize the enormous potential for harm presented by the Defendant's motion, and how critically important it therefore is that this Court retain jurisdiction over what is a marine insurance coverage dispute calling for application of well established and entrenched principles of federal admiralty law.

As Judge Bucklew of the Middle District of Florida so recently recognized, under these exact same circumstances in the case of *Great Lakes Reinsurance (UK) plc v. Zielinski*, 2007 A.M.C. 1947 (M.D. Fla. 2007), a marine insurer's Rule 9(h) declaratory judgment action should not be dismissed or stayed where; (1) the federal action was filed first; (2) where the unhappy insured has reacted to the federal action by seeking relief in the state court, and; (3) where the dispositive issue in the litigation rests upon the application of federal admiralty law principles rather than any issue of Florida state law.

Each of the foregoing criteria exist in the instant matter, as Plaintiff filed its declaratory judgment action well before the state court action to which the forum-shopping Defendant now asks this Court to defer, and principles of federal admiralty law rather

9

than any Florida state law principle must be dispositive of the outcome of the coverage dispute.

Under the authority of the Middle District's ruling in the *Zielinski* case, the Defendant's motion must be denied in order to allow this litigation to proceed in the forum provided by the Southern District of Florida, where it is also then subject to appellate review by the 11th Circuit Court of Appeals. Allowing the Defendant to defeat federal admiralty jurisdiction via the utterly transparent expedient of filing a separate action in state court ***after*** the marine insurer has commenced suit in federal court, would threaten pernicious and irremediable consequences for what in the Southern District of Florida and the 11th Circuit remains the intact and still seamless web of federal admiralty law authorities and precedents. What is at risk in the Defendant's motion is nothing less than the right of the federal courts to adjudicate disputes under policies of marine insurance where established and entrenched principles of the federal admiralty law are dispositive of that dispute.

Plaintiff denied the Defendant's claim and commenced suit in the United States District Court for the Southern District of Florida. As noted above, the Defendant's claim was denied for a number of reasons, and the Plaintiff's Complaint for Declaratory Judgment sets forth five (5) separate cause of action. Each one of

10

these causes of action seeks relief on the basis of well entrenched and long established principles of federal admiralty law.

Relief is sought due to material misrepresentations of fact presented on the application, and the Complaint for Declaratory Judgment invokes this Court's admiralty jurisdiction and asks that the federal admiralty law doctrine of *uberimmae fidei* be applied to the facts in order to adjudicate the dispute. It must be conceded that within the 11th Circuit, the familiar doctrine of *uberimmae fidei*, holding that any misrepresentation or failure to disclose material facts will void a policy of marine insurance, is recognized as a well established and entrenched principle of federal admiralty law. *See, HIH Marine Service, Inc. v. Fraser*, 211 F.3d 1359, 2000 A.M.C. 1817 (11th Cir. 2000); *International Ship Repair v. St. Paul Fire & Marine*, 992 F. Supp. 577 (M.D. Fla. 1996).

Similarly, relief is also sought due to this Defendant's breach of two (2) distinct express warranties in the policy, and the Complaint for Declaratory Judgment yet again invokes this Court's admiralty jurisdiction and asks that the federal admiralty law be applied to the facts in order to adjudicate the dispute. It must be conceded that in each and every federal circuit, all courts are bound by familiar principle of federal admiralty law which hold that any breach of an express warranty will void a policy of marine insurance. *Lexington Insurance Company v. Cooke's Seafood*, 686 F.

Supp. 323 (S.D. Ga. 1987), *aff'd*, 835 F.2d 1364 (11th Cir. 1988). *See also, La Reunion Francaise S.A. v. Christy*, 1999 A.M.C. 2499 (M.D. Fla. 1999); *Hilton Oil Transport v. Jonas*, 75 F.3d 627 (11th Cir. 1996).

Plaintiff respectfully submits that this is nothing less the very heart of the dispute --- whether this Court, rather than the Broward County Circuit Court, will serve as the forum for a dispute over the coverage afforded by a policy of marine insurance where the facts demonstrate that the Defendant misrepresented material facts (regarding its intention to charter a private pleasure and regarding its corporate existence as a British Virgin Islands rather than as a US-based entity) and breached two (2) express warranties (a Navigational Limits Warranty and a Private Pleasure Warranty), deciding the outcome of the coverage litigation by reference to well-entrenched principles of federal admiralty law.

In the *Zielinski* case, *supra*, this same Plaintiff sought the Middle District of Florida's declaratory Judgment in a claim that was denied for what was alleged to have been a misrepresentation of material fact. Just like TLU LIMITED, the Defendants decided to not answer the federal action, but rather, decided to file their own separate action in the Hillsborough Circuit Court. Rejecting the exact same type of motion to dismiss or stay which TLU's attorneys

have now presented, the Middle District of Florida stated its

holding clearly and succinctly

>           Applying these guidelines to the facts
> Of the case, the Court concludes that this
> Court is the proper forum for the litigation
> of this entire dispute, including Defendants'
> additional claims against their insurance ag-
> ents and brokers... The central issue in this
> litigation rests upon the application of the
> federal admiralty principle of *uberimmae fidei*
> rather than on any issue of Florida state law,
> and thus the federal court is the proper forum
> for this litigation. Furthermore, Defendants
> could assert a third-party complaint against
> their insurance agents and brokers in this
> Court, if they desire. Finally, Defendants
> did not file their state court action until
> after [the] instant action was filed. "[S]ince
> the federal action was filed first, a refusal
> to exercise the declaratory judgment jurisdic-
> tion this court clearly possesses would pro-
> mote forum shopping..." *Albany Ins. Co. v.*
> *Jones,* 1996 A.M.C. 2453, 2455 (D. Ala.
> 1996).

*Zielinski, supra,* 2007 A.M.C. at 1949.


        In the case cited by Judge Bucklew, *Albany Insurance Co. v.*

*Jones, supra,* again a federal district was presented with precisely

the same type of request for relief as the Defendant TLU is

seeking, and was expressly relied upon by the Middle District as

persuasive authority to reject the motion to dismiss in *Zielinski*.

        In the *Albany Insurance Co. v. Jones* case, the marine insurer

filed a declaratory judgment action in federal court seeking to

have its policy declared void due to the insured's breach of an

express warranty in a policy of marine insurance. The insured filed his action in state court after the filing of the federal action, and presented the same motion that is before the bar of this Court, asking that the federal court exercise its discretion and dismiss the Rule 9(h) admiralty declaratory action. Noting and then rejecting application of both the *Brillhart* and the *Wilton* case, the federal district court held that it was the unhappy insured that was clearly forum shopping, and that all the same issues that the insured sought to litigate in its state court action could be better resolved in the proper and appropriate forum afforded by the federal district court.

Caselaw similarly confirms that the cause of action set forth in the Plaintiff's Complaint seeking a declaration of no coverage which is based upon the lack of any incident meeting the definition of an "accidental loss" is also governed by well established principles of the federal admiralty law. *See, e.g., Great Lakes Reinsurance (UK) plc v. Soveral*, 2007 A.M.C. 672 (S.D. Fla. 2007); *Youell v. Exxon Corp*, 1995 A.M.C. 1147 (2d Cir. 1995), holding that the "fortuity rule" and whether a loss that does not result from an "accident" can be covered under a policy of marine insurance "is indeed a creature of federal law. *Id.*, at 1153.

*See also, Jefferson Insurance Co. v. Lopez*, 2000 A.M.C. 2549 (E.D. Cal. 2000), holding that where the federal court has

admiralty jurisdiction over a marine insurance coverage dispute involving issues of federal admiralty law, a motion to dismiss in favor of a state court action will be denied.

In the case of *Newark Insurance Co. v. Fasolina Foods Co.*, 1988 A.M.C. 1005 (S.D.N.Y. 1988), a federal court was asked to abstain from exercising its admiralty jurisdiction when the insured had filed a state court action shortly after the marine insurer had commenced its Rule 9(h) admiralty action. The state court action contained essentially those same allegations that formed the basis of the earlier commenced federal action. The federal court decided that there was "no merit to [the insured's] claims that the pendency of the related state action requires this court to abstain." *Id.* at 1010. More critically, the federal court indicated that it would not dismiss a Rule 9(h) admiralty declaratory judgment action where a point of federal law was involved merely because an insured was disgruntled at the fact that the marine insurer had responded with alacrity to notice of a questionable claim and had availed itself of the right to go to federal district court. Rejecting a motion to dismiss, and retaining jurisdiction to dispose of the coverage litigation without a jury, the federal court stated:

> That the impetus for the filing of this action may have been [the marine insurer's] anticipation of a claim by defendant under the policy does not undercut the conclusion that the action concerns the interpretation of a policy of marine insurance. Because it

15

> seeks construction of a marine contract, the
> cause of action is properly heard under the
> maritime and admiralty jurisdiction defined
> in 28 U.S.C. sec. 1333.

*Id.*, at 1007.

    *See also, Youell et al v. Exxon Corp*, *supra*, declining to apply the abstention doctrine and rejecting an insured's motion to dismiss a declaratory judgment founded on Rule 9(h) admiralty jurisdiction and involving coverage under a policy of marine insurance where a rule of federal admiralty law was likely to resolve the litigation.

    As stated above, in the instant case there can be no doubt but that Plaintiff's denial of the Defendant's claim and the outcome of this litigation must rest upon this Court's application of familiar, well established federal admiralty law doctrines rather than any issue or aspect of Florida state law. There can also be no doubt but that the Plaintiff's action in federal district court was filed well in advance of the reactive state court action commenced by TLU, and that such action by the Defendant constitutes the forum-shopping which the jurisprudence asserts must be actively discouraged. Accordingly, the United States District Court for the Southern District of Florida is preeminently the correct and proper forum for the litigation of this entire dispute.

16

Even state courts elsewhere have recognized that coverage disputes which involve federal admiralty law issues should be resolved in the federal court. *See, e.g., Levitt v. Certain Underwriters at Lloyd's*, 2000 A.M.C. 63 (Sup. Ct. N.Y. 1999) where the New York State court deferred to an action pending in federal district court by noting that it was important to preserve uniformity in the federal admiralty law, and that despite the existence of concurrent jurisdiction over insurance disputes, uniformity and harmony of the admiralty law augured in favor of allowing the federal district court to resolve the coverage dispute. The New York State court also noted that the federal district courts possess greater familiarity and greater expertise in this peculiar area of marine insurance coverage litigation, and the state court refused to retain jurisdiction over the insured's action.

> In determining whether a stay in warranted in this action, the court has considered "whether it is in the state or in the federal forum that a more complete disposition of the issues may be obtained and whether it is the federal or state court that possesses a greater familiarity and expertise with the trial of such issues. (Citations omitted). Further, the Federal Court can exercise pendent jurisdiction over any related state law claims.
>
> Based upon the foregoing, it is the opinion of this court that this proceeding should be adjudicated in the federal forum. The parties agree that plaintiff's complaint in this proceeding and the Federal Court proceeding are virtually identical. Accordingly, a judgment in the Fed-

> eral Court will be dispositive of all the issues
> in both the state and federal jurisdictions.
> Therefore, a stay of the state court proceedings
> is the appropriate remedy. (Citations omitted).

*Id.*, at 64.

The instant dispute between the Plaintiff and the Defendant does not present this Court with any issue arising under Florida state law. This is not a case where coverage was rejected based on some provision which under *Wilburn Boat Co. v. Fireman's Fund Insurance Co.*, 348 U.S. 310 (1955) might suggest the possibility of application of Florida state law. This is ***not*** a case involving an exclusion for incidents where the vessel was being operated by a member of the named insured's "family." This ***not*** a case involving an exclusion for incidents where the vessel's operator was intoxicated. Rather, this is a situation involving the most familiar principles and doctrines of the federal admiralty law which courts in all Florida federal districts have repeatedly recognized as uniquely within their province to determine and rule upon. *See, e.g., International Ship Repair v. St. Paul Fire & Marine, supra; Underwriters at Lloyd's v. Giroire*, 1998 A.M.C. 2153 (S.D. Fla. 1998); *Northfield Insurance Co. v. Barlow*, 983 F. Supp. 1376 (N.D. Fla. 1997).

The marine insurance policy was declared void by the Plaintiff and rescinded due to actions which all the precedents and caselaw

agree give rise to issues which must be determined by and under well established and entrenched principles of the federal admiralty law. This is the court where this entire litigation belongs.

Nor can this Court be swayed by Defendant's reference to the case of *Great Lakes Reinsurance v. Leon*, 480 F.Supp.2d 1306 (S.D. Fla. 2007) since it must be utterly clear that in that matter it was the insureds who had in fact filed their action in the state court first, well in advance of the marine insurance company's commencement of the declaratory judgment action in the federal district court. The latter was the only reason for Judge Moore's decision to exercise his undoubted discretion and to defer to the action filed by the insureds in the Miami-Dade Circuit Court.

In addition, as the Defendant's own motion explicitly acknowledges, even the *Leon* case notes that perhaps the most compelling reason for a federal court choosing to stay in favor of a state court action would be that the dispute is "not governed by federal law." *Leon, supra*, at 1308. That consideration is conspicuous by its absence in the instant matter, where issues of federal admiralty law must be dispositive. These same principles must remain the unique province of the Southern District of Florida, subject to appeal to the 11th Circuit Court of Appeals, and so must be dispositive of the coverage dispute.

In the matter now before the bar of this Court, not only must principles of federal law be dispositive of the coverage dispute,

it must also be utterly manifest that TLU and its attorneys are asking this Court to sanction a most unique species of forum-shopping facilitated by what might charitably be termed an abuse of the FRCP 4(d) waiver of personal service mechanism. Made aware of the filing of the Plaintiff's action by professional courtesy and by this Court's issuance of its Order of September 11, 2007, TLU's attorneys went running to a forum that they clearly find preferable, and they now have the temerity to ask this Court to place a stamp of approval on such disgraceful behavior. Depending upon one's perspective, such actions might at best be termed disingenuous, and at worst deceitful.

Because they fear being in federal court, counsel for the Defendant would ask this Court to turn a blind eye to what can only be termed an abuse of Rule 4(d) of the Federal Rules of Civil Procedure. Having received the request for waiver of personal service, TLU's counsel rejected the good faith actions expressly mandated under that provision of federal law, necessitating the resort to expensive personal service, and now argue to this Court that such unscrupulous and odious misconduct should now be countenanced by this Court, and ought to serve as the justification for deferring to a state court filing made later in time and only in response to the Plaintiff's Complaint.

No argument or contention presented in the Defendant's motion can alter the crucial factors which militate in favor of federal jurisdiction – the litigation was commenced in the Southern District of Florida well before the disgruntled Defendant decided that his interest was better served by forum-shopping to a state court; and the litigation involves a policy of marine insurance which must be interpreted under principles of federal admiralty law.

In conclusion, Plaintiff begs this Court to give the most serious consideration to the impact of granting the Defendant's motion to dismiss. Such a decision would be a virtual invitation to precisely that forum-shopping which the jurisprudence aims to discourage. A dismissal of this Rule 9(h) admiralty action would create a precedent under which insureds would be able to avoid having to litigate marine insurance coverage matters in federal district court via the all too simple and easy expedient of filing a parallel action in the closest Florida state court just as soon as the federal summons and Complaint are received.

The right of all marine insurers and underwriters to bring coverage litigation in the federal district courts under Rule 9(h) would be imperiled by a dismissal in this case.

A dismissal under these circumstances would result in a precedent which would threaten to remove from the federal system that very function which was so carefully noted by the New York

State court in the *Levitt v. Certain Underwriters at Lloyd's* case.
It is emphatically the province of the federal courts, which are
also admiralty courts, to decide cases involving coverage issues
arising under marine insurance policies. This is especially true
where, as in the instant matter, the marine insurance coverage
dispute concerns in the most direct manner principles of what the
11th Circuit has consistently recognized as core elements of the
federal admiralty law.

If this Court dismisses Plaintiff's action for a declaratory
judgment where the issue of coverage must be resolved according to
doctrines of long recognized and well entrenched principles of
federal maritime law, the result would be to abandon to the Florida
state court system the privilege of making the law in this subject
area. This Court would be giving up its historical function as an
admiralty court of issuing authoritative rulings on admiralty law
issues. A ruling in favor Defendants' motion would also function to
deprive the 11th Circuit Court of Appeals of any prospective role in
shaping the developing law in these two critical subjects,
misrepresentation of material facts and breach of express
warranties, which arise repeatedly in coverage disputes under
marine insurance policies.

Each of the five (5) causes of action in Plaintiff's Complaint
for Declaratory Judgment turns on an entrenched principle of

federal admiralty law. Plaintiff's Complaint was filed well in advance of the Defendants' state court action, which was nothing less than a patent, undisguised exercise in forum-shopping in order to avoid the Southern District of Florida. In order to avoid the evils that must result from a dismissal or a stay of Plaintiff's pending action, it is respectfully submitted that Defendant's motion be rejected.

Dated this 28th day of January, 2008

                        GOLDMAN & HELLMAN
                        Attorneys for Plaintiff
                        800 S.E. 3rd Avenue
                        4th Floor
                        Fort Lauderdale, Florida 33316
                        Tel (954)356-0460
                        Fax (954) 832-0878


                        By:    /s/ Steven E. Goldman
                        STEVEN E. GOLDMAN, ESQ.
                        FLA. BAR NO. 345210

23

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on January 28, 2008 I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a Notice of electronic filing to each of the following:

Lynda L. Ford, Esq.
Perry & Neblett, P.A.
2550 South Bayshore Drive, Suite 11
Miami, Florida 33133


GOLDMAN & HELLMAN
Attorneys for Plaintiff
800 S.E. 3rd Avenue
4th Floor
Fort Lauderdale, Florida 33316
Tel (954)356-0460
Fax (954) 832-0878


By:    /s/ Steven E. Goldman
       STEVEN E. GOLDMAN, ESQ.
       FLA. BAR NO. 345210

24