UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

NO. 07-61259-CIV-MARRA/JOHNSON

GREAT LAKES REINSURANCE
(UK) PLC,

    Plaintiff,

v.

TLU LIMITED and GARY
KIRKLAND,

    Defendants.
_____/

## OPINION AND ORDER GRANTING MOTION TO STAY AND ADMINISTRATIVELY CLOSING CASE

THIS CAUSE is before the Court on Defendants TLU Limited and Gary Kirkland's Motion to Dismiss or Stay Plaintiff's Complaint for Declaratory Judgment (DE 15), filed January 26, 2008. The motion is now fully briefed and is ripe for review. The Court has carefully considered the motion and is otherwise fully advised in the premises.

Background

The facts, as alleged in the Complaint, are as follows: In February 2006, Plaintiff Great Lakes Reinsurance (UK) PLC ("Plaintiff" or "Great Lakes") issued an insurance policy (No. 200/658/72296) to Defendants TLU Limited and Kirkland ("Defendants") for hull and machinery coverage in the amount of $550,000 for a vessel named the Indigo Flyer. (Compl. ¶¶ 9-10.) That policy contained navigational and use limitations, limiting the use of the boat to "private and pleasure use" in the Caribbean Sea only. (Compl. ¶¶ 12-13.)

In December 2006, the Indigo Flyer sustained damage to its mast. (Compl. ¶ 14.) Defendants notified Plaintiff of the accident, and Plaintiff launched an investigation that revealed that "no accident caused or contributed to the damage for which the Defendants have made claim under the policy." (Compl. ¶ 15.) Further, the "vessel owned by the Defendants and insured by the Plaintiff was outside the boundaries set forth" in the policy. (Compl. ¶ 16.) Plaintiff's investigation revealed that Defendants failed to disclose certain material facts when applying for the insurance policy, including the fact that Defendant TLU Limited is a corporation of the British Virgin Islands, that the Indigo Flyer was registered in St. Vincent and the Grenadines, and that the Indigo Flyer was going to be used in commercial activities. (Compl. ¶¶ 18-19.)

On September 6, 2007, Plaintiff filed the instant action, seeking a declaratory judgment that Defendants breached the policy and that the policy is void because Defendants withheld material facts when applying for the policy. Subsequently, Defendant TLU Limited filed an action in Florida state court alleging breach of contract on October 12, 2007; that action was removed to this Court on November 14, 2007.[1] (No. 07-61641, DE 1.)

Defendants now moves this Court to dismiss or stay the instant action in favor of the action originally filed in state court. Defendants argue that a declaratory judgment is unnecessary, because all of the arguments Plaintiff will assert in this action can be asserted as defenses in the state court action. Because the state court can hear all of these claims, a federal forum is unnecessary. Plaintiff responds this Court is the appropriate forum, because this action

---

[1]TLU Limited moved to remand that action on December 14, 2007. (No. 07-61641, DE 4.) Great Lakes did not respond. The Court issued an Order to Show Cause why TLU Limited's motion should not be granted on January 28, 2008. (No. 07-61641, DE 5.) In response, Great Lakes said that it has "no opposition" to TLU Limited's motion to remand. (No. 07-61641, DE 6.) By separate Order, the Court will be granting the unopposed motion to remand.

was filed first and because adjudication of this dispute will involve application of federal maritime law, for which this Court has greater expertise.

Discussion

Pursuant to 28 U.S.C. § 2201(a), a federal district court "may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." As the Supreme Court has explained, the statute does not oblige federal courts to exercise their power to issue declaratory judgments; instead, "a district court is authorized, in the sound exercise of its discretion, to stay or to dismiss an action seeking a declaratory judgment before trial or after all arguments have drawn to a close." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 288 (1995). "The Declaratory Judgment Act was an authorization, not a command. It gave the federal courts competence to make a declaration of rights; it did not impose a duty to do so." *Public Affairs Associates, Inc. v. Rickover*, 369 U.S. 111, 112 (1962). In the case of a parallel state court proceeding, "a stay will often be the preferable course, because it assures that the federal action can proceed without risk of a time bar if the state case, for any reason, fails to resolve the matter in controversy." *Wilton*, 515 U.S. at 288 n.2. In determining whether to exercise jurisdiction to hear a declaratory judgment action, the Court "should ascertain whether the questions in controversy between the parties to the federal suit . . . can better be settled in the proceeding pending in the state court." *Brillhart v. Excess Insurance Co. of America*, 316 U.S. 491, 495 (1942). The Court should also look to whether a declaratory judgment would serve a "useful purpose." *Allstate Insurance Co. v. Employers Liability Assurance Corp.*, 445 F.2d

1278, 1280 (5th Cir. 1971).[2]  The point of a declaratory judgment is to permit "actual controversies to be settled before they ripen into violations of law," not to adjudicate past conduct.  10B C. Wright & A. Miller, *Federal Practice and Procedure*, Civil 3d § 2751 (2004); *SBA Communications, Inc. v. Zoning Commission of Town of Brookfield*, 96 F. Supp. 2d 139, 141 ("[D]eclaratory judgment is not an appropriate remedy for past misconduct."); *Gruntal & Co. v. Steinberg*, 837 F. Supp. 85, 89 (D.N.J. 1993) ("A declaratory judgment is inappropriate solely to adjudicate past conduct."); *Hoagy Wrecker Service, Inc. v. City of Fort Wayne*, 776 F. Supp. 1350, 1358 (N.D. Ind. 1991) (denying a declaratory judgment where "a declaration of the parties' rights [would] not prevent the accrual of avoidable damages").

    In this case, Plaintiff seeks a declaration that the policy it issued to Defendants is void because of material omissions by Defendants in its application, as well as a declaration that the type of damage that Defendants' vessel sustained would not be covered by the policy.  In other words, Plaintiff asks this Court to make factual determinations about the materiality of information that Defendants did not include on its application as well as factual determinations regarding potential breaches of contract that Defendants are alleged to have committed in the past.  Plaintiff does not seek a purely legal ruling, such as a request to resolve differences in the interpretation of specific language in the insurance contract.  Likewise, the requested declarations do not seek to conform the behavior of either party to the requirements of law or minimize the danger of future monetary loss.  Factual questions regarding whether a breach of contract has been committed in the past is unrelated to the purpose behind the Declaratory Judgment Act.

---

    [2]In *Bonner v. City of Pritchard*, 661 F.2d 1206, 1207 & 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent the decisions of the Fifth Circuit rendered prior to October 1, 1981.

The same factual questions that the Court would need to answer in this action are precisely the same factual questions that would be addressed by the separate breach of contract action – specifically, whether Defendants' actions made the policy voidable and that the incident was not covered by the policy. The fact that Plaintiff's arguments in the declaratory action are based in admiralty law (i.e., the doctrine of *uberimmae fidei*[3]) does not mean those very same arguments would not also be available in state court. In fact, Florida courts are regularly required to apply principles of federal maritime law. *See, e.g., Carnival Corp. v. Carlisle*, 953 So. 2d 461, 464 (Fla. 2007) (stating that "both federal and state courts must apply federal maritime law"). Since the resolution of these questions involve disputed factual issues relating to past conduct, the Court believes that the state court is of equal competence to resolve such issues.

The Court is further convinced that staying this action is appropriate based on Great Lakes' conduct in the parallel action. As has been explained, that action was removed to this Court. When TLU Limited moved to remand that action, Great Lakes stated it did not oppose remand. Rather than fighting remand[4] and moving to consolidate the two actions in this Court, Great Lakes apparently felt that the Florida circuit court could and would appropriately adjudicate the related breach of contract action. If, as Plaintiff's conduct suggests, the Florida court is an equally acceptable forum to resolve this breach of contract action, then a declaration of the parties' rights from this Court would not serve a useful purpose.

---

[3]The doctrine of *uberrimae fidei* "requires that an insured fully and voluntarily disclose to the insurer all facts material to a calculation of the insurance risk." *HIH Marine Services v. Fraser*, 211 F.3d 1359, 1362 (11th Cir. 2000). A material misrepresentation or omission on an insurance application can constitute grounds to void the insurance contract. *Id.*

[4]Interestingly, Great Lakes removed the other action from state court on the basis of diversity jurisdiction, rather than on the basis of admiralty or federal question jurisdiction.

5

As such, it is **ORDERED AND ADJUDGED** that Defendants TLU Limited and Gary Kirkland's Motion to Dismiss or Stay Plaintiff's Complaint for Declaratory Judgment (DE 15) is **GRANTED IN PART** and **DENIED IN PART** as follows:

1. Defendants' motion to dismiss the action is **DENIED**.

2. Defendants' motion to stay the action pending resolution of the parallel case is **GRANTED**.

3. Any other pending motions are **DENIED AS MOOT**.

4. The Clerk shall **ADMINISTRATIVELY CLOSE** this case. Either party may move to reopen this case depending on the outcome of the state court proceedings.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 27th day of March, 2008.

_____
KENNETH A. MARRA
United States District Judge

Copies furnished to:
all counsel of record